# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

| AMERICAS | ASIA | EUROPE & MIDDLE EAST | |
|---|---|---|---|
| NEW YORK | BEIJING | ABU DHABI | LONDON |
| SAN FRANCISCO | HONG KONG | BRUSSELS | MILAN |
| SÃO PAULO | SEOUL | COLOGNE | PARIS |
| SILICON VALLEY | | FRANKFURT | ROME |
| WASHINGTON, D.C. | | | |

CRAIG B. BROD
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
DEBORAH NORTH
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU

ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
AUDRY X. CASUSOL
ELIZABETH DYER
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOHN A. KUPIEC
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS

LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
JULIA L. PETTY
HELENA K. GRANNIS
SUSANNA E. PARKER
THOMAS S. KESSLER
RESIDENT PARTNERS

JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
HEIDE H. ILGENFRITZ
ANDREW WEAVER
JOHN V. HARRISON
MATTHEW BRIGHAM
EMILIO MINVIELLE
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
DAVID W.S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRANDON M. HAMMER
BRIAN J. MORRIS
CARINA S. WALLANCE
ALEXANDER JANGHORBANI
RESIDENT COUNSEL

D: +1 212-225-2000
jrosenthal@cgsh.com

March 29, 2023

<u>VIA ECF</u>

The Hon. Paul G. Gardephe
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Glaz LLC, et al. v. Sysco Corp.*, No. 23-CV-02489-PGG (S.D.N.Y.)

Dear Judge Gardephe:

We write on behalf of Respondent Sysco Corporation ("Sysco") to respectfully request that the Court stay Sysco's deadline to respond to the Petition to Confirm Arbitration Award ("Petition") pending the Court's resolution of Sysco's motion to transfer this action to the U.S. District Court for the Northern District of Illinois ("IL Court"). *See* ECF No. 5 ("Motion to Transfer"). In the alternative, Sysco requests that the Court extend Sysco's deadline to respond to the Petition by 30 days, to May 3, 2023. This is Sysco's first request for an extension of any deadline in this action. Petitioners do not consent.

***Background.*** The Petitioners in this action, affiliates of litigation funding firm Burford Capital Ltd. (collectively, "Burford") originally filed the Petition in the Supreme Court of the State of New York on March 10, 2023. *See* ECF No. 1 ¶ 1. Sysco was served with a redacted version of the Petition on March 13, 2023. *Id.* ¶ 6. Sysco timely removed the action to this Court on March 23, 2023 before responding to the Petition in state court. *See id.* Under Federal Rule of Civil Procedure 81(c)(2)(A), Sysco's deadline to respond to the Petition is therefore April 3, 2023. *See* Fed. R. Civ. P. 81(c)(2)(A).

On March 24, 2023, Sysco requested a pre-motion conference on its Motion to Transfer. *See* ECF No. 5.[1] As explained in more detail in Sysco's letter, this action seeks confirmation of

---

[1] Under this Court's Individual Rules of Practice, Burford's response to Sysco's Motion to Transfer is due March 29, 2023. *See* Rule IV.A.

The Hon. Paul G. Gardephe, p. 2

an arbitral award ("PI Award") that allows Burford to block Sysco from entering into proposed settlements of antitrust claims pending before federal courts in Illinois and Minnesota.  *See id.* at 1-2.  The PI Award violates several of the most fundamental public policies underlying our judicial system, including party control over litigation and settlement, and Sysco has accordingly moved to vacate it in the IL Court.  There are numerous contacts between Illinois and the parties and the underlying dispute, and the IL Court is one of the two federal courts where the effects of the PI Award—and Burford's efforts to seize control of Sysco's claims—will be directly felt:  if the PI Award is confirmed, the IL Court will be saddled with management of complex, resource-consuming litigation between parties that prefer to settle.  Sysco accordingly requested that this action be transferred to the IL Court, either on the basis that Sysco's vacatur proceeding in Illinois was filed before this action or because the discretionary factors courts consider under 28 U.S.C. § 1404(a) favor this case being heard by the court that will be directly affected by its outcome.  *See id.* at 3-5.

> ***The Court should stay Sysco's response deadline pending resolution of the Motion to Transfer.***  The court has discretion to enter a stay in the interest of efficiently managing its docket.  *See, e.g.*, *CC/Devas (Mauritius) Ltd. v. Air India, Ltd.*, 2022 WL 355759, at *7 (S.D.N.Y. Feb. 4, 2022) (Gardephe, J.).  A brief stay while the Court resolves the Motion to Transfer will conserve the Court's and the parties' resources by avoiding potentially unnecessary or duplicative briefing while the question of which court will decide whether to confirm the PI Award is resolved.  *Cf. Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 373 (S.D.N.Y. 2013) (in context of multidistrict litigation, "courts in this Circuit have recognized that stays pending transfer will also conserve judicial resources").  This is particularly appropriate here given that, if the Motion to Transfer is granted, the IL Court may consolidate briefing and thus obviate the need for multiple filings.  In addition, the potential prejudice to Burford from a "short delay[] caused by staying proceedings" will be minimal.  *Id.* at 372.

> For that matter, given that Sysco's petition in the IL Court was the first-filed action, as described in the Motion to Transfer, this Court may also consider staying *all* deadlines to allow the IL Court to decide where the action should be heard.  *See Noble v. U.S. Foods, Inc.*, 2014 WL 6603418, at *3 (S.D.N.Y. Nov. 19, 2014) ("The courts of this district have adopted a 'bright-line rule' that the court before which the first-filed action was brought determines which forum will hear the case."); *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 555 (S.D.N.Y. 2000) ("Staying the later-filed action serves to prevent the inefficiency and wastefulness of allowing duplicative litigation to proceed in two different fora.").

> ***In the alternative, the Court should extend Sysco's response deadline by 30 days.***  The Court has wide discretion to grant an extension of time under Rule 6.  *See, e.g.*, Wright & Miller, *Fed. Prac. & Proc.* § 1165 (4th ed. 2022).  Should the Court decline to stay Sysco's deadline to respond to Burford's Petition, Sysco respectfully requests a 30-day extension of its deadline.  This extension is reasonable in light of the complexity of the issues involved, as well as the current status of proceedings in Illinois, where Burford filed three urgent motions already this week that require counsel's immediate attention.

The Hon. Paul G. Gardephe, p. 3

Respectfully submitted,

*/s/ Jeffrey A. Rosenthal*
Jeffrey A. Rosenthal
Lina Bensman
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York  10006
T: 212-225-2000
F: 212-225-3999
jrosenthal@cgsh.com
lbensman@cgsh.com

Christopher P. Moore
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2 London Wall Place
London EC2Y 5AU
United Kingdom
+ 44 20 7614 2200 (Telephone)
cmoore@cgsh.com

*Attorneys for Respondent Sysco Corporation*

**MEMO ENDORSED**:  Defendant's motion for an
extension of time to respond is granted.  Defendant's
response to the Petition is due by **May 3, 2023**.  The
Clerk of Court is directed to terminate the motion filed at
Dkt. No. 9.

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge
 Dated:  April 3, 2023