KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

April 14, 2023

*Via ECF*

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

  Re: *Glaz LLC, et al. v. Sysco Corp.*, No. 23-cv-02489-PGG

Your Honor:

  In further support of Petitioners' March 29 response, ECF No. 10 ("Response"), to Sysco's pre-motion letter, ECF No. 5 ("Ltr."), requesting transfer of this case to the Northern District of Illinois, I submit as supplemental authority a decision by Judge Durkin in *In re Broiler Chicken Antitrust Litigation*, denying Sysco's motion for reassignment and consolidation.  *See* No. 16-cv-08637 (N.D. Ill. Apr. 13, 2023), ECF No. 6510 (attached as Ex. A).

  As explained in Petitioners' Response, Sysco's request for transfer is part of a multi-pronged gambit to try to steer this dispute – which relates to a preliminary injunction award ("PI Award") issued in a New York seated arbitration and governed by New York law – to Judge Durkin in Chicago.  Sysco's motivation for its blatant forum-shopping:  its hope that Judge Durkin would vacate the PI Award out of irritation that he "will be forced to continue to preside over protracted, complex antitrust claims that the parties wish to settle."  Ltr. at 5.

  In an emphatic opinion, Judge Durkin has rejected that gambit.  The judicial enforceability of the PI Award under the extremely deferential standards of the Federal Arbitration Act is as different from the *Broilers* case as "night and day."  Ex. A at 2.  "The two cases are simply not related."  *Id.*  Moreover, even if the two cases were related, reassignment would be inappropriate because, as Judge Durkin recognized, Sysco sought to appeal to his docket-management interests in *Broilers* in urging him to overturn the PI Award.  "This is not an appropriate or ethical perspective for a judge to take with respect to active claims before the Court."  *Id.* at 3-4.  The enforceability of the PI Award should be resolved by "another judge, who has no stake, perceived or otherwise, as to whether Sysco settles its claims."  *Id.* at 4.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Paul G. Gardephe
April 14, 2023
Page 2

      Judge Durkin's resounding rejection of Sysco's reassignment request dooms its transfer request, because the two went hand in hand.  The supposed judicial efficiency of transfer was premised on the assumption that Judge Durkin would accept its petition to vacate as a related case to *Broilers*.  *See* Ltr. at 5 (arguing that "judicial economy and the interests of justice . . . clearly favor[ ] transfer" because this arbitration dispute is "related" to *Broilers*).  Specifically, Sysco argued that:  (1) "Judge Durkin [was] best-positioned to resolve the issues here" given his experience with *Broilers*; and (2) Judge Durkin would be "directly affected" by the enforcement of the PI Award and thus should be the one to decide Sysco's public policy challenge to its enforceability.  *Id.* (Judge Durkin "should thus be the one to decide whether public policy permits private arbitrators to impose such a result").  Judge Durkin's order denying Sysco's motion for reassignment removes what little basis Sysco had to transfer this case.  (As explained in the Response, this case, not Sysco's Illinois action, is first-filed, and in any event, first-filed status alone would not be grounds to transfer a petition to confirm away from a court at the seat of the arbitration.  Our motion to dismiss Sysco's improperly filed supplemental petition under Rule 15(d) will be fully briefed as of today.)  The Court should deny Sysco's request.

      Respectfully submitted,

      */s/ Derek T. Ho*
Derek T. Ho
KELLOGG, HANSEN, TODD, FIGEL
& FREDERICK, P.L.L.C.
1615 M Street NW, Suite 400
Washington, D.C. 20036
(202) 326-7900 (Telephone)
dho@kellogghansen.com

Thomas E.L. Dewey
Christopher P. DeNicola
777 Third Avenue, 37th Floor
New York, NY 10017
(212) 943-9000 (Telephone)
(212) 943-4325 (Fax)
cdenicola@dpklaw.com
tdewey@dpklaw.com

*Attorneys for Petitioners Glaz LLC, Posen Investments LP, and Kenosha Investments LP*