KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

April 24, 2023

*Via ECF*

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

  Re: *Glaz LLC, et al. v. Sysco Corp.*, No. 23-cv-02489-PGG

Your Honor:

  I write to notify the Court that Petitioners will not be moving to remand this Action to New York state court on the basis of lack of subject matter jurisdiction. As explained in Petitioners' March 29 response, ECF No. 10 ("Response"), to Sysco's pre-motion letter, ECF No. 5 ("Ltr."), requesting transfer of this case to the Northern District of Illinois, Petitioners have been analyzing whether this Court has subject matter jurisdiction since the filing of Sysco's removal petition and committed to update the Court with our findings. While the issue involves a legal question of first impression (and thus is not free from doubt), we have concluded on the current state of the case law that the better argument is likely that this Court has "arising under" jurisdiction under 9 U.S.C. §§ 202-203 (but not diversity jurisdiction under 28 U.S.C. § 1332(a)).[1]

  The New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, Article 1, 21 U.S.T. 2517 ("Convention"), as implemented in Chapter 2 of the Federal Arbitration Act, "grants federal courts jurisdiction over actions governed by the Convention, § 203[.]" *GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 140 S. Ct. 1637, 1644 (2020). Specifically, section 203 of the FAA creates federal "aris[ing] under" jurisdiction over "an[y] action or proceeding falling under the Convention." 9 U.S.C. § 203.

---

[1] There is no diversity jurisdiction because both Posen Investments LP and Sysco are citizens of Texas. *See* ECF No. 13; *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Hon. Paul G. Gardephe
April 24, 2023
Page 2

      The Convention principally governs actions seeking "the recognition and enforcement of" *foreign* arbitration awards "made in a country other than the state where enforcement was sought," *Bergesen v. Joseph Muller Corp.*, 710 F.2d 928, 931 (2d Cir. 1983), and the bulk of the case law addressing the Convention relates to such foreign awards.  Because the arbitration award at issue here was rendered in New York, it is not a *foreign* arbitration award.

      However, the Convention also applies to actions seeking the "recognition and enforcement of" *non-domestic* awards – "awards not considered as domestic awards in the state where their recognition and enforcement are sought."  *Id.* at 932 n.2.  "Congress spelled out its definition of that concept in section 202 [of the FAA]."  *Id.* at 933.  Section 202 provides that:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention.  An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states.  For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

9 U.S.C. § 202.

      In other words, there is federal jurisdiction over a petition to enforce an arbitration award if it arises out of a commercial relationship (as is the case here), unless both of the following conditions are met:  (1) the relationship is "entirely between citizens of the United States"; and (2) there is not "some important foreign element involved."  *See Jones v. Sea Tow Servs. Freeport NY Inc.*, 30 F.3d 360, 365 (2d Cir. 1994) (citation omitted).  The question under the first condition is whether Petitioner Glaz LLC would be treated as a U.S. citizen.  If not, federal jurisdiction exists irrespective of the second condition.

      Glaz LLC is a Delaware LLC, not a corporation.  While FAA § 202 specifies the citizenship of corporations and would treat a Delaware corporation as a citizen of the United States, destroying federal jurisdiction, the statute is silent on how to determine the citizenship of an unincorporated entity such as a LLC.  After a thorough and diligent search, we have not found a case directly addressing how to ascertain the citizenship of an unincorporated entity under § 202, and we thus believe this is a matter of first impression under the FAA.  In the context of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), however, federal courts disregard the unincorporated entity itself and attribute to it the citizenship of all of its members (for an LLC) or partners (for an LP).  *See Kenshoo, Inc. v. Aragon Advert., LLC*, 586 F. Supp. 3d 177, 182

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Paul G. Gardephe
April 24, 2023
Page 3

(E.D.N.Y. 2022) ("[T]he citizenship of an LLC has nothing to do with its state of formation or principal place of business; rather, the citizenship of an LLC consists of the imputed citizenship of each one of its members."); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 194-95 (1990) (tracing the rule to *Chapman v. Barney*, 129 U.S. 677 (1889)).  If the LLC's members are themselves unincorporated entities, the same rule applies to them.  *See WBCMT 2007-C33 NY Living, LLC v. 1145 Clay Ave. Owner, LLC*, 964 F. Supp. 2d 265, 268 (S.D.N.Y. 2013).  When Congress enacted FAA § 202 in 1970, it did not address how to determine the citizenship of unincorporated entities, but it also did not suggest that the longstanding approach used in the diversity jurisdiction context was not the approach to be followed for § 202.  Accordingly, although it is a Delaware LLC, we think the more likely conclusion under the FAA would be that Glaz LLC is not a citizen of the United States for purposes of § 202 because it has no members that are US citizens, meaning that the parties' commercial relationship is not "entirely between citizens of the United States."

We note that the foregoing analysis does not alter the conclusion that federal subject matter jurisdiction is lacking over *Sysco's* petition to vacate in the Northern District of Illinois.  That is because the Convention "contains no provision for seeking to vacate an award."  *Lander Co. v. MMP Invs., Inc.*, 107 F.3d 476, 478 (7th Cir. 1997).  As a result, a petition to vacate an arbitral award (as opposed to a petition to confirm or enforce an arbitral award) is not an "action or proceeding *falling under the Convention*," as that term is properly understood.  9 U.S.C. § 203 (emphasis added); *see also Virginia Sur. Co. v. Certain Underwriters at Lloyd's, London*, 671 F. Supp. 2d 996, 999 (N.D. Ill. 2009).  Moreover, to the extent the Convention contemplates petitions to vacate, it provides that actions to vacate awards may only be brought in a competent court at the *seat* of the arbitration:  here, New York.  *See Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 176 (2d Cir. 2017) (holding that the Convention "uniquely empower[s] courts in the primary jurisdiction to set aside or annul an arbitral award.").  Accordingly, Petitioners' decision not to move to remand in this Court in no way undermines their arguments against transfer of this case to the Northern District of Illinois or their position that no subject matter jurisdiction lies in the Northern District of Illinois.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Hon. Paul G. Gardephe
April 24, 2023
Page 4

                              Respectfully submitted,

                              */s/ Derek T. Ho*
                              Derek T. Ho
                              KELLOGG, HANSEN, TODD, FIGEL
                              & FREDERICK, P.L.L.C.
                              1615 M Street NW, Suite 400
                              Washington, D.C. 20036
                              (202) 326-7900 (Telephone)
                              dho@kellogghansen.com

                              Christopher P. DeNicola
                              Thomas E.L. Dewey
                              777 Third Avenue, 37th Floor
                              New York, NY 10017
                              (212) 943-9000 (Telephone)
                              (212) 943-4325 (Fax)
                              cdenicola@dpklaw.com
                              tdewey@dpklaw.com

                              *Attorneys for Petitioners Glaz LLC,*
                              *Posen Investments LP, and Kenosha*
                              *Investments LP*